IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHRIS SPEED                                                                                      PLAINTIFF

V.                                    NO: 3:16CV00138 DPM/PSH

RONNIE COLEMAN, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Relevant facts

Plaintiff Chris Speed ("Speed"), presently an inmate in the custody of the Arkansas Department of Correction ("ADC"), filed a *pro se* civil rights complaint on May 23, 2016, naming Ronnie Coleman, Terry Butler, Trevor Jones, Michael Williams, Marcus Burton, and Sgt. Milow as defendants. All the defendants are employed at the Crittenden County Detention Facility ("CCDF"), where Speed was incarcerated in February 2016, when the events which led to this complaint occurred.

In his complaint, Speed alleges he was awaiting trial in CCDF on February 13, 2016, when

defendants Terry Butler, Trevor Jones, Michael Williams, and Marcus Burton used excessive force on him, beating and tasing him while he was handcuffed and giving no resistance. Defendant Sgt. Milow allegedly watched and failed to intervene during the beating. Defendant Ronnie Coleman, the administrator of CCDF, is named as a defendant for his alleged failure to train and supervise the other defendants. On page four of his complaint, Speed indicated he did not file a grievance about this incident.

The defendants have filed a motion for summary judgment, alleging Speed failed to exhaust his administrative remedies. Docket entry no. 31. In support of their motion, the defendants submit: (1) the affidavit of Theresa Bonner, Chief Jailer at CCDF, indicating that Speed was given a copy of a document entitled "Detainee Rules" in January 2016, and that he signed to indicate receipt of the rules;[1] (2) the Detainee Rules document, which states in part that "all questions and request must be on an Inmate Request/Grievance form before an answer will be given;" and (3) a copy of the CCDF grievance procedure which states in part that "any paper can be used. No specific form is required." Docket entry nos. 33-1 through 33-3.

In their brief in support of the motion for summary judgment, the defendants state as undisputed facts that CCDF had a grievance policy, that Speed was given notice of the policy, and that Speed is no longer incarcerated at CCDF. The defendants do not categorically state that Speed did not submit a grievance related to the incident. Instead, the defendants, citing the complaint, indicate that Speed admitted that he did not submit a grievance about it.

Speed responded to the motion for summary judgment with a number of pleadings. In a

---

[1]Theresa Bonner's affidavit is silent about whether the CCDF's records were searched to determine if Speed submitted a grievance, either on a grievance form or on "any paper," about the February 13, 2016 incident.

2

pleading styled as a brief in opposition to the motion for summary judgment, Speed asserts that he did submit a written statement about the incident, giving the statement to Lt. Beard who in turn gave the statement to Internal Affairs investigator Grooms. This statement, according to Speed, was also signed by the Jail Administrator's secretary, and the statement culminated in criminal charges against some of the defendants. Docket entry no. 36, page 2.

In another pleading styled as a supplement to Speed's response (docket entry no. 43), Speed notes the defendants admit, in discovery responses, that a grievance may be written on any piece of paper. Speed again asserts that he submitted a grievance[2] which was signed by the lieutenant and the jail secretary. Speed attaches this grievance to the pleading. Docket entry no. 43, pages 6-7.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

---

[2] In this pleading Speed claims he delivered the written grievance to "Lt. Doe." Docket entry no. 43, page 1.

3

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis on Failure to Exhaust Remedies

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. "The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.* at 923-924.

In support of their motion, defendants have provided the affidavit of Teresa Bonner, the Chief Jailer at CCDF. As previously noted, Bonner does not assert that Speed failed to file a grievance regarding the allegations in his complaint. Instead, Bonner merely indicates Speed was apprised of the rules and the policy in January of 2016. The defendants cite Speed's admission in

4

his complaint that he did not file a grievance. However, in response to the motion for summary judgment Speed has alleged that he indeed filed a grievance, and he has submitted a copy of the purported grievance. The defendants have not refuted this assertion by Speed. It is not enough to point to the admission in the complaint, as Speed has disavowed that statement and submitted the grievance.

Speed has submitted sufficient probative evidence in response to the motion for summary judgment to establish the existence of a fact question regarding the exhaustion of his available administrative remedies. *See, e.g., Conolly v. Clark*, 457 F.3d 872 (8th Cir. 2006); *Davidson & Assocs. v. Jung*, 422 F.3d 630 (8th Cir. 2005)(to avoid summary judgment, non-moving party required to submit more than unsupported self-serving allegations, and must provide sufficient probative evidence to allow him to prevail). As a result, the defendants are not entitled to summary judgment on the issue of exhaustion, and we recommend the motion be denied.

## IV. Conclusion

For the reasons stated herein, we recommend the defendants' motion for summary judgment (docket entry no. 31) be denied.

DATED this 27th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE